### Francisco FONSECA

v.

### James E. HALL, et al.

### No. CV 04 5836 CJC RC.

United States District Court, C.D. California.

May 7, 2007.

---

Verna Wefald, Pasadena, CA, for Petitioner.

Kenneth J. Kao, Deputy Attorney General, Los Angeles, CA, for Respondent.

## PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS FIRST AMENDED PETITION

CHAPMAN, United States Magistrate Judge.

On March 8, 2006, respondent filed a motion to dismiss the First Amended Petition, arguing it is a "mixed" petition containing grounds that have been exhausted and grounds that have not been exhausted and the petition is untimely, and on May 9, 2006, respondent filed a supplemental brief addressing equitable tolling and exhaustion. On March 27, 2006, petitioner filed his opposition to the motion to dismiss. The Court appointed counsel for petitioner to address respondent's motion to dismiss, and on January 22, 2007, petitioner, represented by counsel, filed a supplemental opposition to respondent's motion to dismiss.

## BACKGROUND

### I

On April 25, 2000, in Los Angeles County Superior Court case no. KA044980, a jury convicted petitioner Francisco Fonseca of one count of conspiracy to commit kidnapping for ransom in violation of California Penal Code ("P.C.") § 182(a)(1) (count 1) and three counts of kidnapping for ransom in violation of P.C. § 209(a) (counts 2–4), and, as to all counts, the jury found a principal was armed with a handgun within the meaning of P.C. § 12022(a)(1). Motion to Dismiss ("Motion"), Exh. A. The petitioner was sentenced to three consecutive terms of life with the possibility of parole. *Id.*, Exh. B.

The petitioner appealed his convictions to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed April 12, 2001. *Id.*, Exh. C. On May 15, 2001, petitioner filed a petition for review in the California Supreme Court,[1] which denied review on June 20, 2001. *Id.*, Exhs. D–E.

On July 20, 2004, petitioner filed a habeas corpus petition in the California Supreme Court,[2] which issued an Order to

---

1. In his petition for review to the California Supreme Court, petitioner raised three claims: (1) trial counsel rendered ineffective assistance of counsel by failing to object to the prosecution's divulgence of co-conspirators' convictions in violation of petitioner's rights to a fair trial and due process of law; (2) the trial court committed prejudicial error by instructing the jury under CALJIC no. 17.41.1; and (3) petitioner's sentence of three consecutive life terms constitutes cruel and unusual punishment in violation of the California and federal constitutions. Motion, Exh. D.

2. In his habeas corpus petition to the California Supreme Court, petitioner raised the following claims: (1) the trial court violated petitioner's state and federal constitutional rights by failing to instruct the jury that lack of consent is an element of the crime of kidnapping for ransom under P.C. § 209(a); (2) the trial court's refusal to instruct on the defendant's theory of the case, i.e., defendant's reasonable and good faith mistake as to victims having consented to kidnapping for ransom, violated petitioner's due process and Fifth, Sixth and Fourteenth Amendment rights; (3) newly discovered evidence of perjury by critical prosecution witnesses shows

Show Cause on November 18, 2004, returnable before the Los Angeles County Superior Court, *id.*, Exhs. F, G at 120, and on June 14, 2005, the Superior Court held an evidentiary hearing, as directed, and denied petitioner's habeas corpus petition. *Id.*, Exh. G at 122–23. On August 19, 2005, petitioner filed a habeas corpus application in the California Court of Appeal, which denied the petition on February 9, 2006. *Id.*, Exhs. H–I. On February 21, 2006, petitioner filed a second habeas corpus petition in the California Supreme Court, which denied the petition on November 29, 2006, with citation to *In re Miller*, 17 Cal.2d 734, 112 P.2d 10 (1941).[3] Notice of Lodgment (May 9, 2006), Exh. A; Supplemental Opposition, Exh. 9.

## II

■ On July 12, 2004,[4] petitioner, proceeding pro se, filed his initial habeas corpus petition challenging his conviction and sentence, and on August 11, 2004, this

Court ordered the matter stayed and held in abeyance while petitioner exhausted his claims in the California courts. However, on August 17, 2005, the Court vacated the Order staying the proceedings, and on October 25, 2005, petitioner filed a First Amended Petition for habeas corpus relief, which is currently pending.

In the First Amended Habeas Petition, petitioner raises the following claims:

Ground One—Trial counsel rendered ineffective assistance by "failing to object to the prosecutor's reference to the co-conspirator's convictions in violation of the 5th, 6th, and 14th Amendments" (Petition at 6a);

Ground Two—"Petitioner's three consecutive sentences of life with the possibility of parole violates the ban against [sic] cruel and unusual punishment in violation of the 8th and 14[sic] Amendment[s]" (Petition at 6b);

petitioner was convicted on the basis of false testimony; (4) the prosecutor's failure to disclose material evidence favorable to defendant, i.e., that prosecution witnesses were induced to testify favorably in exchange for permission to remain in the United States in lieu of prosecuting and deporting them for illegal entry, violated petitioner's constitutional rights; and (5) ineffective assistance of trial and appellate counsel when: (a) trial counsel failed to adequately and properly raise the foregoing claims at trial; (b) trial counsel failed to request a tailored "pinpoint" instruction on reasonable mistake of fact regarding consent as a defense to kidnapping for ransom; (c) trial counsel failed to make a sufficiently specific request for discovery from the prosecution of inducements to prosecution witnesses to testify, i.e., permission to allow witnesses to remain in the United States unmolested by the INS in exchange for testimony favorable to the prosecution; (d) trial counsel failed to sufficiently investigate the prosecution's witnesses to determine that their version of facts may be false and that witnesses had been induced to testify by permitting them to remain in the United States

free of INS interference in exchange for favorable testimony; and (e) appellate counsel was ineffective for failing to raise the claims raised herein.

3. In his second habeas corpus petition to the California Supreme Court, petitioner raises the same claims addressed in his initial habeas corpus petition. Lodgment, Exh. A, Attachment A.

4. "Under the prison 'mailbox rule' ..., a pro se petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir.), *cert. denied*, 534 U.S. 978, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001); *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

Ground Three—"Prosecutor's failure to disclose material evidence favorable to the accused," i.e., the prosecution witnesses had been induced to testify based on promises immigration authorities would permit them to remain the United States in lieu of prosecuting and deporting them for illegal entry, prevented petitioner from receiving a full and fair hearing (Petition at 6c-j);

Ground Four—"Newly discovered evidence of perjury by critical prosecution witness(es)" shows petitioner was deprived of a fair trial (Petition at 6k-l);

Ground Five—"The trial court violated petitioner's federal constitutional rights by failing to instuct [sic] the jury that lack of consent is an element of the crime of kidnapping for ransom under California Penal Code § 209(A) [sic]" (Petition at 6l-o);

Ground Six—"The trial court's refusal to instruct on the defendant's theory of the case—defendant's reasonable and good faith mistake as to the victims' having consented to kidnapping for ransom [-] violates petitioner's rights under the due process clause" (Petition at 6o-p);

Ground Seven—"Ineffective assistance of [trial and appellate] counsel" for (a) failing to ... raise any of the foregoing claims at trial or on appeal; (b) "failing to [make] a sufficiently specific request for discovery from the prosecution of inducements to the prosecution witnesses to testify"; (c) failing "to make a sufficiently tailored 'pinpoint' instruction on reasonable mistake of fact as to consent, as a defense to kidnapping for ransom"; (d) failing "to sufficiently investigate the prosecution witnesses to determine" false testimony and "that the witnesses had been told they would be allowed to remain in the U.S. free of INS interference ... in exchange for testimony favorable to the prosecution"; and (e) failing to raise these grounds on appeal (Petition at 6p-q).

## DISCUSSION

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The California Supreme Court denied petitioner's request for review on June 20, 2001. Following the California Supreme Court's denial of review, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of

the ninety-day period. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on September 19, 2001, and expired on September 18, 2002, one year from when his state court decision became final. *Ibid.* Here, the instant action was not filed until July 12, 2004—more than a year and a half after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending. It was not statutorily tolled because all of petitioner's state court habeas petitions were filed after the statute of limitations expired. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

■ The Court must also consider whether there is any basis to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extra-ordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Espinoza–Matthews v. People of the State of California*, 432 F.3d 1021, 1026 (9th Cir.2005). The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations by showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006). Additionally, "the prisoner must show that the 'extraor-

dinary circumstances' were the but-for and proximate causes of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006).

Here, petitioner contends he is entitled to equitable tolling due to the alleged misconduct of the attorneys his family hired to file habeas corpus petitions on his behalf, and to support that contention petitioner has filed his own declaration and the declaration of his sister, Aracely Fonseca. These declarations establish the following facts: Following the denial of his petition for review in mid–2001, petitioner asked his family to help him find a lawyer to file state and federal post-conviction petitions. Declaration of Francisco Fonseca ("Fonseca Decl.") ¶ 2. In August 2001, petitioner's sister visited attorney Jan Ronis, who advised her he would help petitioner for $25,000.00. Declaration of Aracely Fonseca ("Aracely Decl.") ¶ 1. On September 10, 2001, Ms. Fonseca returned to Mr. Ronis's office and paid him $10,000.00 to begin working on petitioner's case. *Id.* ¶ 2, Exh. A. On November 5, 2001, Mr. Ronis wrote petitioner, stating:

As I am sure you know by now, your sister has retained this office to represent you in connection with post-conviction relief available to you as a result of the denial of your appeal by the Court of Appeal. I have reviewed a copy of that decision as well as done other investigation relative to the trial held in Los Angeles Superior Court. From all the information I have reviewed I believe that you may have a good opportunity to prevail on a claim of ineffective assistance by your trial counsel.... [¶] After I have obtained all of [your] records and documents I will review all of the material, especially the trial transcripts, and develop any issues that will hopefully

allow us to return to the Superior Court and persuade the trial judge to grant you a new trial. I am quite confident from my review of the available information that you will be able to obtain relief in this matter. I will keep you informed of the events as they occur.

Fonseca Decl. ¶ 2, Exh. 2. The petitioner subsequently sent his legal papers to Mr. Ronis. *Id.* ¶ 2. On March 22, 2002, Ms. Fonseca paid Mr. Ronis another $5,000.00. Aracely Decl. ¶ 4, Exh. B. Ms. Fonseca called Mr. Ronis about petitioner's case on numerous occasions and repeatedly visited Mr. Ronis's office, and "Mr. Ronis always told [her] that he was working on it and everything was okay." *Id.* ¶ 5. Additionally, petitioner tried to contact Mr. Ronis by phone on several occasions, and wrote letters to him to find out about the status of his case. Fonseca Decl. ¶ 3. When Ms. Fonseca inquired of Mr. Ronis about whether there is a one-year limitations period, he stated that was not true, and he repeatedly told her he was working on the case and she should not worry. Aracely Decl. ¶¶ 5–6. When Ms. Fonseca realized Mr. Ronis "was not going to do anything for [petitioner,]" she sought the return of her family's money, and Mr. Ronis refunded her $7,500.00 on September 15, 2003, and $7,500.00 on October 23, 2003. *Id.* ¶ 7, Exhs. C–D. On September 15, 2003, Mr. Ronis also provided A. Fonseca with petitioner's transcripts. Supplemental Declaration of Aracely Fonseca ¶ 3.

On October 8, 2003, petitioner's father, Cirilo Fonseca, and sister retained attorney Jonathan Millberg, and paid him $5,000.00 "for the sole and limited purpose of evaluating the feasibility of habeas corpus proceedings challenging" petitioner's convictions and sentence. Aracely Decl. ¶¶ 9–10, Exh. E (emphasis in original); Fonseca Decl. ¶ 5, Exh. 4. On April 15, 2004, Mr. Millberg sent petitioner a letter discussing his evaluation of petitioner's case. Fonseca Decl. ¶ 6, Exh. 5. After receiving Mr. Millberg's letter, petitioner sought the return of his transcripts, and on April 30, 2004, Mr. Millberg returned petitioner's transcripts to him. *Id.* ¶ 7, Exh. 6. Petitioner then prepared pro se his state and federal petitions. *Id.* ¶ 8.

An attorney's mistake or negligence will not necessarily support equitable tolling of the AEDPA's statute of limitations period. *Lawrence v. Florida,* —— U.S. ——, ——, 127 S.Ct. 1079, 1085, —— L.Ed.2d ——, —— (2007); *Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). However, egregious misconduct by an attorney "may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn,* 345 F.3d at 800; *see also Fleming v. Evans,* 481 F.3d 1249, ——, 2007 WL 970163, *5 (10th Cir.2007) ("[S]ufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."); *Schlueter v. Varner,* 384 F.3d 69, 76 (3d Cir.2004) ("[T]here are 'narrow circumstances in which the misbehavior of an attorney may merit' equitable tolling."), *cert. denied,* 544 U.S. 1037, 125 S.Ct. 2261, 161 L.Ed.2d 1067 (2005); *Baldayaque v. United States,* 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error *normally* will not constitute extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." (emphasis in original)).

Here, as in *Spitsyn,* Mr. Ronis was hired specifically to pursue post-conviction relief on petitioner's behalf and, despite the attempts of petitioner and his family

to track Mr. Ronis's progress in seeking post-conviction relief for petitioner, Mr. Ronis never filed a habeas corpus petition on petitioner's behalf although he repeatedly stated he was working on petitioner's case and everything was fine. Thus, petitioner has demonstrated egregious attorney misconduct warranting equitable tolling of the limitations period. *Spitsyn*, 345 F.3d at 801–02; *see also Fleming*, 481 F.3d at 1255–56, 2007 WL 970163 at *4–5 (equitable tolling may be warranted when petitioner's mother hired attorney to represent petitioner in post-conviction proceedings, petitioner contacted counsel on several occasions to check on the status of his petition and was repeatedly assured that a petition was forthcoming, and counsel never filed a petition); *Martin*, 408 F.3d at 1094 (equitable tolling appropriate when attorney consistently lied to petitioner and his wife about filing deadline and the status of petitioner's case, refused to communicate with petitioner or his family, and neglected to file any documents on petitioner's behalf despite being requested to do so); *Baldayaque*, 338 F.3d at 152–53 (attorney's failure to file petition when client expressly directed him to do so was extraordinary circumstance warranting equitable tolling). Moreover, petitioner and his family acted diligently in repeatedly calling, telephoning and visiting Mr. Ronis to try and ascertain Mr. Ronis's progress in filing a habeas corpus petition on petitioner's behalf. *See, e.g., Spitsyn*, 345 F.3d at 801 ("Spitsyn and his mother appear to have made reasonable attempts to contact [the attorney] and to urge him to file the petition, which he had been hired and already paid to do. It is not evident that they should have concluded in time to hire another attorney that [the attorney they

hired] was going to fail them completely."); *Martin*, 408 F.3d at 1095 (refusing to find fault with pro se petitioner for not timely filing his habeas corpus petition when the attorney who was hired to file a motion to vacate on petitioner's behalf "specifically told [petitioner] time and again that there was no deadline, and that those who told him otherwise were wrong"). Thus, based on the undisputed facts set forth above, petitioner is entitled to equitable tolling of the AEDPA's limitations period for the time during which he and his family were being deceived by Mr. Ronis about his intent to file state and/or federal habeas corpus petitions for petitioner. Therefore, the statute of limitations should be equitably tolled from September 19, 2001, when the limitations period would otherwise have commenced, until September 15, 2003, when Mr. Ronis returned petitioner's transcripts to him. As such, the initial habeas corpus petition filed by petitioner on July 12, 2004, is timely.[5]

## IV

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1738, 144 L.Ed.2d 1 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); *O'Sullivan*,

---

**5.** Having determined the initial petition is timely, this Court does not address petitioner's other grounds for tolling the limitations period.

526 U.S. at 844–45, 119 S.Ct. at 1732; *Crotts v. Smith,* 73 F.3d 861, 865 (9th Cir.1996). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Here, since the California Supreme Court has now denied petitioner's second habeas corpus petition,[6] which raised the same claims as the pending First Amended Petition, petitioner has exhausted his state court remedies.

For all these reasons, respondent's motion to dismiss petitioner's First Amended Petition is **DENIED,** and respondent **IS ORDERED** to file an answer addressing the merits of the First Amended Petition no later than thirty (30) days from the date of this Order, and petitioner may have sixty (60) days to file his reply.

**6.** The California Supreme Court denied petitioner's second habeas corpus petition with citation to *In re Miller,* which stands for the proposition the petition was denied for the same reasons as a previous petition. *Kim v. Villalobos,* 799 F.2d 1317, 1319 n. 1 (9th Cir.1986). Here, petitioner's first habeas corpus petition to the California Supreme Court was denied on the merits; thus, the second habeas corpus petition also was denied on the merits. *Id.*