**Sergey SPITSYN, Petitioner–Appellant,**

v.

**Robert MOORE, Warden, Respondent–Appellee.**

No. 02–35543.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Filed Oct. 3, 2003.

As Amended Nov. 3, 2003.

Rita J. Griffith, Seattle, WA, for petitioner-appellant.

John J. Samson, Assistant Attorney General, Olympia, WA, for respondent-appellee.

Before ALARCÓN, GOULD, and CLIFTON, Circuit Judges.

## OPINION

CLIFTON, Circuit Judge.

Sergey Spitsyn appeals from the district court's dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2254 as

untimely. He argues that the deadline for filing his petition should be subject to equitable tolling because the delay in filing resulted from an "extraordinary circumstance" beyond his control, specifically his attorney's misconduct. Based upon the unique facts of this case, where an attorney was retained to prepare and file a petition, failed to do so, and disregarded requests to return the files pertaining to petitioner's case until well after the date the petition was due, we agree that equitable tolling of the deadline is appropriate. We vacate the dismissal and remand the matter to the district court for further proceedings.

## I. BACKGROUND

Spitsyn was convicted of murder in the second degree in Washington state court and was sentenced to 164 months' imprisonment. Spitsyn appealed to the Washington Court of Appeals, which affirmed the conviction in an unpublished opinion on April 16, 1999. The Washington Supreme Court denied review on November 2, 1999. Spitsyn did not thereafter file a petition for a writ of certiorari with the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner to seek federal habeas corpus relief within one year after the state conviction becomes final. 28 U.S.C. § 2244(d); *Brambles v. Duncan*, 330 F.3d 1197, 1201 (9th Cir.2003), *amended in other respects by* 342 F.3d 898 (9th Cir.2003). The period of "direct review" after which the state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90–day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Because the Washington Supreme Court denied review on November

2, 1999, the period of direct review ended 90 days later, on January 31, 2000. Thus, the deadline for Spitsyn to file a petition for writ of habeas corpus in federal court was one year after that, or January 31, 2001.

On February 3, 2000, nearly a full year before that deadline, Spitsyn's mother, Lyudmila Spitsyna, hired attorney Robert Huffhines to file a petition for writ of habeas corpus on her son's behalf, and paid him $2,000 to do so. After a period of inactivity, Ms. Spitsyna wrote to Huffhines to inquire about the case on March 23, 2000 and, again, on November 29, 2000. Spitsyn himself, who was in prison, also wrote Huffhines on December 12, 2000 to complain. Spitsyn and his mother also contacted the Washington State Bar Association and filed grievances against Huffhines on January 3 and January 5, 2001, respectively. On January 15, 2001, Spitsyn wrote to Huffhines once more, this time indicating that the representation had been terminated and requesting that Huffhines return the file for Spitsyn's case.

Huffhines never filed Spitsyn's petition. The January 31, 2001 deadline passed with no filing by or on behalf of Spitsyn. On February 13, 2001, after the deadline had passed, Huffhines finally responded with a letter expressing regret for not following through with the case and returned the Spitsyns' payment. Huffhines did not return Spitsyn's file until April 4, 2001, almost three months after Spitsyn requested it, more than two months after the limitations period had run, and not until after a disciplinary investigation was commenced by the bar. The Washington State Bar Association ultimately reprimanded Huffhines for violating state Rules of Professional Conduct 1.3(requiring lawyers to act with reasonable diligence in representing clients) and 1.4(a) and (b)(requiring lawyers to keep their clients reasonably in-

formed about the status of their matters and to explain the matters to the extent reasonably necessary for clients to make informed decisions).

Proceeding pro se, Spitsyn finally filed his habeas petition with the district court on September 25, 2001, some 226 days after the statute of limitations had run. Thus, absent tolling of the statute of limitations, Spitsyn's petition was untimely. The district court dismissed the petition for that reason. The district court then denied Spitsyn's motion for a certificate of appealability.

This court granted Spitsyn a certificate of appealability "as to the issue whether the district court erred by dismissing the petition as untimely under 28 U.S.C. § 2244(d)(1), including the question whether appellant was entitled to equitable tolling." We also appointed counsel to represent him in this appeal.

## II. STANDARD OF REVIEW

The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo. *Brambles*, 330 F.3d at 1201. If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo. *Id.* Otherwise, findings of fact made by the district court are to be reviewed for clear error. *Miles v. Prunty*, 187 F.3d 1104, 1105(9th Cir.1999).

## III. DISCUSSION

We have held that the one-year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Brambles*, 330 F.3d at 1202. The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner entitled to equitable tolling "since prison officials' misconduct proximately caused the late filing."). *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)(holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"). Equitable tolling is justified in few cases, though. "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (internal quotation marks and citation omitted). Spitsyn "bears the burden of showing that this extraordinary exclusion should apply to him." *Id.* Determining whether equitable tolling is warranted is a "fact-specific inquiry." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).

The cases in which we have to date concluded that equitable tolling of the limitations period under AEDPA for filing a habeas petition is appropriate have not involved attorney misconduct. Rather, we have, for example, tolled the deadline for filing a habeas petition when a district court permitted a petitioner to dismiss a petition without prejudice, in order to exhaust certain claims in state court, without advising the petitioner that because the one-year limitations period for his federal habeas petition had already expired, any later effort to refile in federal court would be untimely. *Brambles*, 330 F.3d at 1203. We have also held that equitable tolling was appropriate when a district court in-

correctly dismissed a petition filed by a pro se prisoner for reasons of form and then subsequently lost the body of his petition when he sought to refile it. *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir.2002). Failures on the part of prison officials to prepare a check for the filing fee or to obtain a petitioner's signature have also been held to constitute "extraordinary circumstances" beyond the petitioner's control that have warranted equitable tolling. *Miles*, 187 F.3d at 1107; *Stillman*, 319 F.3d at 1202.

We have not applied equitable tolling in non-capital cases where attorney negligence has caused the filing of a petition to be untimely.[1] In *Frye v. Hickman*, we considered a petition which was late because petitioner's attorney miscalculated the statute of limitations deadline. We held that "the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." 273 F.3d at 1146. Less than a year later, we reached a similar conclusion in *Miranda v. Castro*. The petitioner in that case had been given erroneous information by the attorney serving as his appointed counsel for his direct appeal as to the deadline for filing a habeas petition, and he subsequently filed his habeas petition after the actual limitations period had run. The opinion reiterated *Frye's* holding that counsel's miscalculation and negligence in general do not constitute "extraordinary circumstances" sufficient to warrant equitable relief and cited numerous sister circuit decisions in accord with this position. 292 F.3d at 1068.

Though ordinary attorney negligence will not justify equitable tolling, we have acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an "extraordinary circumstance" warranting equitable tolling of AEDPA's statute of limitations. *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir.2003) ("there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate").

Some of our sister circuits have had occasion to recognize that equitable tolling is appropriate when a delay in filing a habeas petition resulted from sufficiently egregious performance of counsel. In *Nara v. Frank*, 264 F.3d 310, 320(3d Cir.2001), the petitioner alleged that

> his attorney failed to inform him when the Pennsylvania Supreme Court denied review of his motion to withdraw his guilty plea; that his attorney refused to remove herself as appointed counsel after the Pennsylvania Supreme Court decision, thus preventing him from 'moving his case forward,' [citation to brief omitted]; that his attorney led him to believe that she was going to file the federal habeas petition on his behalf; and that his attorney told him that there were no time constraints for filing a petition.

In remanding the case, the Third Circuit reasoned that those were serious allegations, which, if true, may constitute extraordinary circumstances to justify equitable tolling. *Id.*

---

1. In capital cases, where a petitioner has a statutory right to appellate counsel for collateral review under 21 U.S.C. § 848(q)(4)(B), we have recognized equitable tolling when a deficiency in the performance of the prisoner's attorney results in the untimely filing of the federal habeas petition. *See Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202, ——, 123 S.Ct. 1398, 1403, 155 L.Ed.2d 363 (2003).

The Second Circuit has also recently held that attorney malfeasance may warrant equitable tolling. *Baldayaque v. United States*, 338 F.3d 145 (2d Cir.2003), posed a factual situation similar in some respects to the one before us: "In spite of being specifically directed by his client's representatives to file a '2255,' [petitioner's attorney] Weinstein failed to file such a petition at all. By refusing to do what was requested by his client on such a fundamental matter, Weinstein violated a basic duty of an attorney to his client." *Id.* at 152. In that context, the court concluded:

> Weinstein's actions were far enough outside the range of behavior that reasonably could be expected by a client that they may be considered "extraordinary." ... [W]e hold that an attorney's conduct, if it is sufficiently egregious, may constitute the sort of "extraordinary circumstances" that would justify the application of equitable tolling to the one-year limitations period of AEDPA.

*Id.* at 152–53. Although Baldayaque's pro se petition was ultimately filed thirty months late, the Second Circuit vacated a dismissal of the habeas petition and remanded the case to the district court for further proceedings aimed at determining whether petitioner acted with reasonable diligence, and whether the extraordinary circumstances caused his petition to be untimely.

■ We similarly conclude that the misconduct of Spitsyn's attorney was sufficiently egregious to justify equitable tolling of the one-year limitations period under AEDPA. Though he was hired nearly a full year in advance of the deadline, Huffhines completely failed to prepare and file a petition. Spitsyn and his mother contacted Huffhines numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless. Furthermore, despite a request that he return Spitsyn's file, Huffhines retained it for the duration of the limitations period and more than two months beyond. That conduct was so deficient as to distinguish it from the merely negligent performance of counsel in *Frye* and *Miranda*. The fact that the attorney retained by petitioner may have been responsible for the failure to file on a timely basis does not mean that petitioner can never justify relief by equitable tolling. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713(5th Cir.1999); *accord Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000).

It has been argued that Spitsyn could have satisfied the deadline despite Huffhines's misconduct by filing a petition pro se. But without the file, which Huffhines still possessed, it seems unrealistic to expect Spitsyn to prepare and file a meaningful petition on his own within the limitations period. We have previously held that equitable tolling may be appropriate when a prisoner had been denied access to his legal files. *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir.2002). That logic would apply to Spitsyn's situation as well.

It has also been suggested that Spitsyn should have retained another attorney to make a timely filing. But it does not appear unreasonable to us that Spitsyn did not do so, on the facts available from the current record. Spitsyn and his mother appear to have made reasonable attempts to contact Huffhines and to urge him to file the petition, which he had been hired and already paid to do. It is not evident that they should have concluded in time to hire another attorney that Huffhines was going to fail them completely. Non-responsiveness may be unprofessional, but it is hardly unheard of. By the time he gave up on Huffhines, or should reasonably

have been expected to have given up on him, Spitsyn could have concluded that it was too late to get a new attorney to file a petition on time, especially since Huffhines still had the files for the case. *See, e.g., Lott,* 304 F.3d at 924.

The question of whether Spitsyn exercised reasonable diligence in pursuing the matter, under the circumstances he faced, is one which may require further consideration by the district court on remand. *See Miles,* 187 F.3d at 1107; *Baldayaque,* 338 F.3d at 153; *Valverde,* 224 F.3d at 134 ("if the person seeking equitable tolling has not exercised reasonable deligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken"). The existing record does not clearly answer that question. We note in particular that the record does not indicate why Spitsyn did not file his petition until September, when Huffhines returned his files in April. The record does suggest, nonetheless, that there were legitimate reasons, caused by extraordinary circumstances beyond Spitsyn's control, why the petition was not filed by January 31, 2001, such that equitable tolling of that deadline for some period of time is appropriate.

## IV.   CONCLUSION

The district court's dismissal of Spitsyn's petition as time-barred is vacated. The failures of Spitsyn's attorney may justify equitable tolling. The case is remanded to the district court for further proceedings, including consideration of whether Spitsyn exercised reasonable diligence in ultimately filing his petition.

**VACATED and REMANDED.**