**James Earl HALL, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—Appellee.**

No. 03–15712.

D.C. No. CV–02–00413–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.[*]

Decided Aug. 10, 2004.

Michael B. Bigelow, Sacramento, CA, for Petitioner-Appellant.

[*] The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Arnold O. Overoye, Justain P. Riley, DAG, Sacramento, CA, for Respondent-Appellee.

Before FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM[**]

James Earl Hall ("Hall") challenges the district court's dismissal of his application for writ of habeas corpus as barred by the one-year statute of limitations in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Hall argues that he is entitled to equitable tolling because various prison lockdowns and hospitalizations prevented him from timely filing his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.[1]

We review de novo the dismissal of a habeas petition as time-barred. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). Here, we conclude that the various lockdown periods at Salinas Valley State Prison did not constitute "extraordinary circumstances beyond [Hall's] control [that made] it impossible to file a petition on time." *Id.* (internal quotation marks and citation omitted). And even if extraordinary circumstances justified equitable tolling for every period of hospitalization alleged by Hall, his habeas petition still would exceed AEDPA's one-year statute of limitations.

Accordingly, the district court's judgment dismissing Hall's habeas petition is AFFIRMED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1.] Because the parties are familiar with the facts of the case, we reference them only as necessary to explain our decision.

