Loyd BEASLEY, Petitioner—Appellant,

v.

Linda J. CLARKE, Warden,
Respondent—Appellee.

No. 04–15110.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Loyd Beasley, Soledad, CA, pro se.

Morris Beatus, Esq., Christopher William Grove, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

334

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner Loyd Beasley appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to dismiss a petition for writ of habeas corpus as untimely, *see* *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Beasley contends that a lack of legal materials relating to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in the law library at the Pleasant Valley State Prison was a state-created impediment to his timely filing of a federal habeas petition. Alternatively, he contends that this lack of legal materials entitles him to equitable tolling.

Both claims fail, however, because Beasley established no causal connection between any lack of AEDPA library materials and his failure to timely file a federal habeas petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (noting that equitable tolling is not available unless the petitioner shows that extraordinary circumstances actually caused his untimeliness); *see also* 28 U.S.C. § 2244(d)(1)(B) (stating that the 1–year period of limitation runs from date on which the state-created impediment is re-

moved, "if the applicant was prevented from filing by such State action").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

