**Jerome SYKES, Petitioner—Appellant,**

v.

**Craig FARWELL, Respondent—Appellee.**

No. 03–17361.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Jerome Sykes, Cleveland, OH, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph W. Long, Esq., Attorney General's Office, Ely, NV, for Respondent–Appellee.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Jerome Sykes appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sykes contends that he is entitled to equitable tolling because retained counsel failed to inform him in a timely manner that the Nevada Supreme Court had issued a decision affirming denial of his claim for post-conviction relief. This claim is without merit because when Sykes learned of the Nevada Supreme Court's decision the one-year period of limitation still had almost four months to run. Thus, counsel's alleged failure to inform Sykes did not cause his untimely filing in federal court. *See Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (stating that a petitioner must show that extraordinary circumstances were the cause of his untimeliness in order to warrant equitable tolling).

Sykes further contends that he is entitled to equitable tolling because the district court dismissed his first federal petition without warning him that a future federal petition could be time-barred. Because the district court merely granted Sykes' own request for voluntary dismissal

prior to service of the petition, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and did not affirmatively mislead Sykes in any way, this claim is without merit. *Cf. Pliler v. Ford,* 542 U.S. 225, ——, 124 S.Ct. 2441, 2447, 159 L.Ed.2d 338 (2004) (holding that the district court was not required to give specific advisements prior to dismissal of a mixed petition, but remanding case to address the concern that petitioner may have been "affirmatively misled" by the district court).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

