**Edil ASTORGA, Petitioner—Appellant,**

v.

**Cal TERHUNE, Warden; Attorney General State of California, Respondents—Appellees.**

No. 03–57248.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided May 6, 2005.

---

Terri A. Law, Esq., Ecoff & Law, Beverly Hills, CA, for Petitioner–Appellant.

Elizabeth Ann Hartwig, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Edil Astorga appeals the dismissal of his habeas corpus petition. The district court dismissed the petition as untimely under the one-year statute of limitation dictated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1). After prior remand from our court, the district court rejected Astorga's claim that his inability to speak or read English and lack of access to Spanish language legal materials entitled him to equitable tolling.

Astorga has the burden of demonstrating that he is entitled to tolling of the AEDPA statute of limitation. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, —— U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). We conclude initially that Astorga failed to demonstrate that he was diligent in pursuing his habeas petition. *See id.; Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir.2003). He has not explained any affirmative actions he took, or was prevented from taking, to pursue his claim before his deadline for filing passed.

We express no opinion on whether the inability to speak or read English would constitute an "extraordinary circumstance" for purposes of equitable tolling because Astorga failed to demonstrate how his inability to speak English stood in the way of timely filing his federal habeas petition. *See Pace*, —— U.S. at ——, 125 S.Ct. at 1814, —— L.Ed.2d at ——; *Spitsyn*, 345 F.3d at 799 ("[T]he one-year statute of

of this circuit except as provided by Ninth Circuit Rule 36–3.

limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation omitted). Astorga has not alleged, nor does the record show, any facts that demonstrate a causal relationship between his difficulty with English and his failure to timely file the instant petition. *See Spitsyn*, 345 F.3d at 799. To the contrary, he was able to file English language legal documents both in the California Supreme Court and in the current proceedings despite his language barrier. For these reasons, we conclude that the district court did not err in declining to apply equitable tolling.

AFFIRMED.