**Jesus BUSTAMANTE, Petitioner— Appellant,**

v.

**S. GARCIA, Warden, Respondent— Appellee.**

No. 04–55667.

D.C. No. CV–03–00276–JNK/JFS.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided July 21, 2005.

Jesus Bustamante, Calipatria, CA, pro se.

Katherine Windsor, South Pasadena, CA, for Petitioner–Appellant.

Alana Cohen Butler, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Jesus Bustamante, a California state prisoner, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we vacate and remand.

Bustamante contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period because his attorney failed to deliver his file to him until after his deadline expired. It is undisputed that Bustamante did not receive his records until approximately three years after his first request for the records, two years after his AEDPA deadline, despite repeated requests to counsel for the records by his mother, his brother, and him. Therefore, the district court correctly concluded that Bustamante is entitled to equitable tolling. *See United States v. Battles,* 362 F.3d 1195, 1197–99 (9th Cir. 2004); *see also Spitsyn v. Moore,* 345 F.3d 796, 800–01 (9th Cir.2003) (reversing and remanding upon concluding attorney's actions may justify equitable tolling where attorney was hired nearly a full year in advance of deadline but completely failed to prepare and to file a petition, and was contacted by Spitsyn and his mother numerous times by telephone and in writing, yet retained the file beyond the expiration of the statute of limitations).

However, as both parties agree, the district court mistakenly applied the incorrect date for his state habeas petition denial by the California Supreme Court. Accordingly, Bustamante's federal petition is timely after applying the correct date, January 29, 2003. *See* 28 U.S.C. § 2244(d)(2); *Saffold v. Carey,* 312 F.3d 1031, 1033 (9th Cir.2002); *Spitsyn,* 345 F.3d at 801.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We vacate the district court's order dismissing Bustamante's habeas petition as untimely, and we remand to the district court for further proceedings consistent with this opinion.

To the extent that Bustamante raises issues not included in the Certificate of Appealability ("COA"), we construe it as a motion to broaden the COA and we deny the motion. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

**VACATED and REMANDED.**