Margarito **RAMIREZ**, Petitioner—Appellant,

v.

Sandra **CARTER**, Respondent—Appellee.

No. 05–35888.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 2006.

Decided May 8, 2006.

Kathleen E. Moran, Esq., Federal Public Defender's Office, Spokane, WA, for Petitioner–Appellant.

Donna H. Mullen, Esq., AGWA–Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

We affirm the dismissal of the federal habeas petition of Margarito Ramirez. We agree with the district court that Ramirez missed the one-year statute of limitations under 28 U.S.C. § 2244(d) and was not entitled to tolling.

Ramirez argues that the one-year statute of limitations did not start until he discovered the factual predicate of his habeas claim in the summer of 2002. *See* 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza,* 254 F.3d 1150, 1155 (9th Cir.2001). Although Ramirez may have first learned of the existence of certain police statements in the summer of 2002, he knew about those witnesses long before and he does not explain why he could not have obtained this evidence years before. *Hasan,* 254 F.3d at 1154 (noting that the statute of limitations does not start until a petitioner has "discovered (or with . . . due diligence could have discovered)" the factual predicate of a claim). Even if we credit his claim as to timing, Ramirez has not shown that he was prejudiced by his trial counsel's failure to discover these police interviews earlier. *See id.* (noting that statute of limitations under § 2244(d)(1)(D) does not start until a petitioner has "discovered . . . facts suggesting both unreasonable performance *and* resulting prejudice").

Nor does Ramirez pass through the actual innocence gateway, such that he would be entitled to tolling. *See Schlup v. Delo,* 513 U.S. 298, 326–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). (Because of this outcome, we need not decide the availability of this remedy under AEDPA. *Majoy v. Roe,* 296 F.3d 770, 777, 778 (9th Cir.2002)). He identifies no evidence showing that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S. at 327, 115 S.Ct. 851. The evidence Ramirez identifies does not tend to exonerate him of kidnapping, the predicate to felony murder. At best, this evidence suggests other persons should have been charged as well. The witness statements he offered do not contradict the other evidence that Ramirez helped kidnap Eric Brace. Even the absence of fingerprint evidence was considered by the state trial judge and does not change the calculus of innocence.

Finally, Ramirez is not entitled to equitable tolling, which requires him to show a causal nexus between delay-inducing "extraordinary circumstances" and the late filing of his habeas petition. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003). We agree with the district court that his allegations were too "vague and insufficient" to justify tolling because Ramirez did not specify the time period during which he was denied access to legal materials. He thus failed to show a causal link between the late filing of his petition and the fact that he was, at unspecified times, deprived of legal materials.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.