**Ricky Lenell WEAVER, Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Respondent—Appellee.**

No. 06–55501.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.

Filed March 19, 2007.

John R. Fielding, Jr., San Diego, CA, for Petitioner–Appellant.

Attorney General, Anthony Da Silva, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

MEMORANDUM **

Ricky Lenell Weaver appeals the district court's dismissal of his habeas corpus petition as time-barred under the Antiterrorism and Effective Death Penalty

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Act of 1996 ("AEDPA"). Weaver argues that his petition was timely under 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year statute of limitation begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." According to Weaver, that date was February 14, 2001, when an alleged key witness signed a declaration. The district court, however, correctly concluded that the factual predicate of Weaver's claim was discovered on July 25, 2000, at the time his counsel first interviewed the witness.

 Weaver is not entitled to equitable tolling. Although his attorney was mistaken about the law, her delay was not sufficiently egregious to constitute an "extraordinary circumstance" warranting equitable tolling of the AEDPA's statute of limitation. *Cf. Spitsyn v. Moore,* 345 F.3d 796, 800–02 (9th Cir.2003). His attorney's delay did not prevent him from timely filing his federal petition; he had twenty-three days to file a timely federal habeas petition after the California Supreme Court's denial of his petition was final. Nor is Weaver's late-filed petition excused under the doctrine of actual innocence. Weaver does not show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt; nor does he show that a court cannot have confidence in the outcome of his trial. *See Smith v. Baldwin,* 466 F.3d 805, 812–13 (9th Cir.2006).

Therefore, the district court correctly ruled that Weaver's habeas petition was time-barred under AEDPA.

AFFIRMED.