MEMORANDUM **
Paul Talcott Currier and two corporate defendants, Communication Bridge USA, Inc. (CBUSA) and Communication Bridge Global, Inc. (CBG) (collectively, “Currier”), appeal from the district court’s judgment dismissing their action against multiple defendants alleging RICO conspiracies involving the worldwide telecommunications industry. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
The district court did not err in its April 28, 2005, order dismissing with prejudice all claims in the First Amended Complaint (FAC) against the nine moving defendants. The claims against MCI and the Covad Communications Group were properly dismissed as barred by MCI and Covad’s respective bankruptcy filings. The district court did not err when it held that Currier had not demonstrated the “extraordinary circumstances” required to invoke the doctrine of equitable tolling. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003). Currier did not raise the issue of equitable estoppel in the district court and, therefore, has waived that argument.
The district court also did not err in holding that Currier’s claims against Richard Schneider were barred by a settlement agreement entered into between Currier and Schneider in February 2002. Schneider submitted proof of the settlement agreement and his compliance with its terms. The district court did not err in finding that Currier’s claims against the Chows arose from the same transactions or occurrences as the action brought by the Chows in San Francisco Superior Court and were therefore compulsory counterclaims in the state court action un *474 der Cal.Code Civ. Pro. § 426.30. Currier does not dispute that his claims against the Chows arose from the same set of transactions and occurrences as the Superior Court action. Currier does not make any argument in the opening brief concerning the dismissal of claims against McIntosh, Fish, Mauriello, and Spohn and, therefore, has waived the issue on appeal. See Kohler v. Inter-Tel Technologies, 244 F.3d 1167, 1182 (9th Cir.2001).
The district court did not abuse its discretion in dismissing with prejudice all the claims against Covad Communications Company and all the remaining antitrust claims against the nine defendants for failure to comply with Fed.R.Civ.P. 8. The district court had previously granted Currier the opportunity to amend the complaint to comply with Rule 8. The FAC did not contain allegations of fact which stated any claims against Covad Communications Company. The Clayton and Sherman Act claims contain only bare legal conclusions without any supporting factual allegations.
The district court did not abuse its disci’etion when it dismissed Currier’s Third Amended Complaint (TAC) with prejudice for failure to comply with the pleading requirement of Fed.R.CivJP. 8. Currier’s argument that “[t]he complaints filed in this action have generally improved with each pleading” is to no avail. Even if the complaints did improve, the TAC nonetheless did not comply with Rule 8(a)’s requirement of a “short and plain statement of the claim being presented.” Even after legal counsel was hired, Currier’s TAC failed to allege which defendants were liable to plaintiffs for which wrongs. The district court gave Currier two previous opportunities to amend the complaint, as well as specific instructions on how to cure its defects. Notwithstanding these opportunities, Currier’s TAG- is virtually unchanged from its previous iterations, and is based entirely on vague, ambiguous, and conclusory allegations. Although Currier asserts that various substantive bases for dismissal of some of the claims were erroneous, we need not reach these issues because the district court did not abuse its discretion when it dismissed the entire TAC with prejudice. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.1996).
All of Appellants’ pending motions and requests are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.