MEMORANDUM **
Robert Brown, a California state prisoner, appeals the dismissal of his habeas corpus petition under 28 U.S.C. § 2254. The district court dismissed the petition as untimely and granted a certificate of appealability on the issue of whether Brown is entitled to equitable tolling. Brown argues that he was not informed by counsel that his direct appeal had failed and, therefore, he was unaware that the one-year limitation period for his federal habeas petition began and subsequently expired. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
Brown’s jury-trial conviction and almost fourteen-year sentence were affirmed by the California Court of Appeals on March 6, 2003. The Court of Appeal’s decision became final thirty days later on April 5, 2003. See Cal. Rules of Court 8.264(b)(1) (formerly Cal. Rules of Court 24(b)(1)). Brown did not file a petition for review with the California Supreme Court. Thus, Brown’s conviction became final on April 15, 2003, upon expiration of the ten- *460 day time period to file a petition with the California Supreme Court. See Cal. Rules of Court 8.500(e)(1) (formerly Cal. Rules of Court 28(e)(1)). More than two years later, on August 15, 2005, Brown filed a habeas petition with the California Supreme Court, which denied the petition on June 21, 2006. On April 18, 2007, Brown filed a habeas petition in federal district court.
Under 28 U.S.C. § 2244(d)(1)(A), a federal habeas petition must be filed within one year of the conclusion of either direct review of a state court conviction or the expiration of the time to seek such review. For Brown, the period for timely filing of a federal habeas petition ended on April 15, 2004.
Brown’s habeas petition must be dismissed as untimely absent equitable tolling. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003). To establish entitlement to equitable tolling, a petitioner bears the burden of demonstrating “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.” Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). “The prisoner must show that the ‘extraordinary circumstances’ were the cause of his untimeliness.” Spitsyn, 345 F.3d at 799.
Brown has not met his burden because his attorney told him that his appeal had concluded and because Brown produces insufficient evidence to show otherwise.[1] On March 10, 2003, Brown’s attorney sent him a letter stating that the California Court of Appeal had rejected his direct appeal and that if he wanted to file a writ with the California Supreme Court, he would need to do so no later than April 15, 2003. Despite knowing that his direct appeal had ended, Brown did not file his state habeas petition for more than two years. Brown did not act diligently and no extraordinary circumstances stood in his way. He has not met his burden of showing that he is entitled to equitable tolling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Brown's vague declaration that his attorney did not let him know when the Court of Appeal affirmed his conviction is insufficient in light of the clear evidence in the record to the contrary.