Peter ELVIK, Petitioner–Appellant,

v.

The ATTORNEY GENERAL OF the STATE OF NEVADA; Don Bunce, Respondents–Appellees.

No. 07–17034.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2009.

Filed June 16, 2009.

Lori C. Teicher, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Amy E. Crowe, Esquire, Deputy Attorney Genera, David K. Neidert, Esquire, AGNV, Office of the Nevada Attorney General, Reno, NV, Erik A. Levin, Esquire, AGNV, Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: HUG, B. FLETCHER and HAWKINS, Circuit Judges.

### MEMORANDUM *

Peter Elvik appeals the district court's order dismissing his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse and remand.

"A litigant seeking equitable tolling of the one-year AEDPA limitations period bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir.2006) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (internal quotation marks and edits omitted). "[W]here an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spit-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*syn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (citing *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir.2003)).

■ Elvik is entitled to equitable tolling based on the ineffective assistance of the attorney who represented him during his state post-conviction proceedings. Elvik was fourteen years old when the crime was committed. Elvik's family took on the burden of assisting him in pursuing his rights with the assistance of the attorney who represented Elvik on direct appeal. Through his paralegal, post-conviction counsel advised Elvik that a decision on his Nevada Supreme Court appeal could be expected in about a year. In fact, it was decided in a very few weeks. When Elvik's family and former counsel asked about the status of his appeal, however, counsel and his paralegal repeatedly misinformed them that the Nevada Supreme Court had not yet decided Elvik's case. Elvik's federal petition was further delayed after he finally learned of the rejection of his appeal because the new lawyer hired to ghost-write his federal petition could not locate post-conviction counsel, who still had possession of Elvik's case files. Unknown to Elvik, post-conviction counsel's law office was in turmoil due to counsel's addiction to prescription medications. This conduct rises above mere attorney negligence—rather, it constitutes "sufficiently egregious" misconduct that justifies equitable tolling of the one-year limitations period under AEDPA. *See Spitsyn*, 345 F.3d at 801.

■ Elvik has also established that he acted diligently. Elvik was entitled to rely on counsel for accurate answers to his family's inquiries about the status of his case; diligence does not require that Elvik independently verify whether his case had been decided. In addition, Elvik's federal habeas counsel repeatedly attempted to locate post-conviction counsel and, when that failed, contacted both the Nevada dis-

trict court and the Nevada Supreme Court in order to assemble Elvik's record.

Because we find that Elvik has established that he faced extraordinary circumstances and that he diligently pursued his rights, we conclude that he is eligible for equitable tolling and we remand to the district court to consider the merits of Elvik's petition for habeas corpus.

**REVERSED and REMANDED.**

HAWKINS, Circuit Judge, dissenting:

Even were we to assume that the failure of Elvik's state habeas lawyer to inform him of the Nevada Supreme Court's final action constitutes an "extraordinary circumstance" for equitable tolling purposes, he offers no explanation how this circumstance "caused" the untimeliness of his federal filing or otherwise made it "impossible" for him to file a timely federal petition during or after the three years his limitation period was statutorily tolled. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006) (to receive equitable tolling, a petitioner must show that extraordinary circumstances "ma[d]e it impossible to file a petition on time" and the "extraordinary circumstances . . . cause[d] . . . [the] untimeliness" (internal quotations omitted)). Nothing prevented Elvik from retaining federal habeas counsel and taking the steps necessary to comply with AEDPA's one-year filing requirement either during the eighteen months after his state habeas petition was submitted for decision or the 130 days after he received notice of final action by the Nevada Supreme Court.

The district court's conclusion that Elvik failed to meet the "very high" threshold for equitable tolling should be affirmed. *See Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir.2009).