MEMORANDUM *
Peter Elvik appeals the district court’s order dismissing his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as untimely under the Antiterrorism and Effective Death Penalty Act (“AEDPA”). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse and remand.
“A litigant seeking equitable tolling of the one-year AEDPA limitations period bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.” Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir.2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (internal quotation marks and edits omitted). “[Wjhere an attorney’s misconduct is sufficiently egregious, it may constitute an ‘extraordinary circumstance’ warranting equitable tolling of AEDPA’s statute of limitations.” Spit *628 syn v. Moore, 345 F.3d 796, 800 (9th Cir.2003) (citing Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir.2003)).
Elvik is entitled to equitable tolling based on the ineffective assistance of the attorney who represented him during his state post-conviction proceedings. Elvik was fourteen years old when the crime was committed. Elvik’s family took on the burden of assisting him in pursuing his rights with the assistance of the attorney who represented Elvik on direct appeal. Through his paralegal, post-conviction counsel advised Elvik that a decision on his Nevada Supreme Court appeal could be expected in about a year. In fact, it was decided in a very few weeks. When Elvik’s family and former counsel asked about the status of his appeal, however, counsel and his paralegal repeatedly misinformed them that the Nevada Supreme Court had not yet decided Elvik’s case. Elvik’s federal petition was further delayed after he finally learned of the rejection of his appeal because the new lawyer hired to ghost-write his federal petition could not locate post-conviction counsel, who still had possession of Elvik’s case files. Unknown to Elvik, post-conviction counsel’s law office was in turmoil due to counsel’s addiction to prescription medications. This conduct rises above mere attorney negligence — rather, it constitutes “sufficiently egregious” misconduct that justifies equitable tolling of the one-year limitations period under AEDPA. See Spitsyn, 345 F.3d at 801.
Elvik has also established that he acted diligently. Elvik was entitled to rely on counsel for accurate answers to his family’s inquiries about the status of his case; diligence does not require that Elvik independently verify whether his case had been decided. In addition, Elvik’s federal habeas counsel repeatedly attempted to locate post-conviction counsel and, when that failed, contacted both the Nevada district court and the Nevada Supreme Court in order to assemble Elvik’s record.
Because we find that Elvik has established that he faced extraordinary circumstances and that he diligently pursued his rights, we conclude that he is eligible for equitable tolling and we remand to the district court to consider the merits of Elvik’s petition for habeas corpus.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.