**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE E. DIEGNER, | No. 08-35522 |
| Petitioner - Appellant, | D.C. No. 3:06-CV-01552-ST |
| v. | |
| JOE DECAMP, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, District Judge, Presiding

Argued and Submitted July 15, 2010
Portland, Oregon

Before: GOODWIN, PREGERSON, and WARDLAW, Circuit Judges.

George Diegner ("Petitioner") appeals the denial of his petition for writ of

habeas corpus.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

**I.     Facts**

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On two separate occasions in the spring of 2002, Petitioner impersonated a police officer to "arrest" a woman and place her in his car. Petitioner sexually assaulted the first victim, but the second victim, Tara Evans, escaped. Petitioner was identified and indicted on eleven counts of criminal conduct.

On March 6, 2003, Petitioner entered into a plea bargain whereby he pled guilty to five counts. The trial judge asked if Petitioner wished to proceed to sentencing that same day, and Petitioner indicated that he did. The court then asked the prosecutor, "[H]ave the victims been kept apprised of the proceedings?" The prosecutor responded, "They have, Your Honor." The court sentenced Petitioner, and his sentence became final on April 21, 2003.

Petitioner filed a petition for post-conviction relief in state court 508 days later, on September 10, 2004. The Oregon Circuit Court denied Petitioner's petition, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. The appellate judgment issued on October 9, 2006. Petitioner filed a federal habeas corpus petition eleven days later, on October 20, 2006.

In July 2007, Petitioner discovered that Evans had died eight weeks before he entered his guilty plea. In August 2007, Petitioner amended his federal habeas corpus petition to include a due process challenge to his guilty plea, arguing that his guilty plea was not voluntary because he was induced to plead guilty by the

prosecutor's misrepresentation–through her statement that the victims had been kept apprised of the proceedings–that Evans was alive and available to testify. Petitioner argued that the one-year statute of limitations for federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), should be tolled because the prosecutor's misrepresentation prevented him from learning earlier that Evans had died before he pled guilty, and he filed his petition within one year of the date he discovered that fact. *See id.*

The trial court denied the Petitioner's petition for writ of habeas corpus as untimely under AEDPA. The court found that the government did not intentionally misrepresent Evans's status and that information of her death was publicly available before Petitioner pled guilty. Thus, the court concluded that petitioner is not entitled to statutory or equitable tolling of the statute of limitations.

## II.    Discussion

The district court did not clearly err in finding that the prosecutor did not intentionally misrepresent Evans's status. The prosecutor's affidavit stated that she did not intentionally misrepresent Evans's status and is supported by her request for a compensatory fine for Evans, which she would not have done if she had known Evans was deceased. Moreover, the district attorney's policy of informing

victims of pleas by mail or telephone indicates that the prosecutor could have sent notification to Evans without learning of her death. Petitioner's only counter-argument is that the case would have gone to trial if it had not settled, and that the prosecutor must have been aware of the status of her witnesses. However, the record clearly demonstrates that the parties were in court for a settlement conference, not trial.

Moreover, the district court correctly concluded that Petitioner could not have reasonably relied on the prosecutor's statement as a guarantee that Evans was available for trial. A statement that the victims have been kept apprised of the proceedings is not a statement that the prosecutor has verified that the victims are presently alive or are prepared to testify at trial. Furthermore, Petitioner entered his guilty plea before the prosecutor made the statement, indicating that he did not rely on that statement as an assurance that Evans was available to testify.

Information of Evans's death was publicly available before Petitioner pled guilty and the prosecutor did not prevent Petitioner from discovering that fact. Thus, Petitioner is not entitled to statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner is not entitled to equitable tolling because the prosecutor's statement was not an extraordinary circumstance that prevented Petitioner from pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Spitsyn* v.

*Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Therefore, Petitioner's petition is untimely.

AFFIRMED.