**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>GALEN FISHER,<br><br>        Defendant - Appellant. | No. 11-17065<br><br>D.C. Nos.    2:11-cv-00739-RLH<br>                     2:08-cr-00085-RLH -<br>PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted May 7, 2013[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Galen Fisher appeals the district court's denial of his motion for relief under

28 U.S.C. § 2255 as untimely.  Fisher argues that his lawyer's refusal to file an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal justifies equitable tolling. Fisher requests an evidentiary hearing to develop his claim.

This court reviews de novo the dismissal of a petition for writ of habeas corpus as time-barred. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Fisher is entitled to equitable tolling if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 436 (2011) (internal quotation marks omitted). He must also show that the extraordinary circumstances caused the untimeliness. *Id.*

Regardless of whether Fisher's lawyer's conduct constitutes ineffective assistance of counsel, Fisher has not shown that this conduct *caused* the untimeliness of his § 2255 motion. *See Id*. at 890 (holding that counsel's ineffective failure to help petitioner file a Rule 4-1(e) motion "had no effect" on the timeliness of a § 2255 motion). He also failed to show that this conduct was more than "garden variety" negligence. *See Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011). Because Fisher has not shown circumstances under which he would be entitled to equitable tolling, we also deny his request for a hearing. *Cf. Buckles*, 647 F.3d at 892.

**AFFIRMED.**