**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY BERNARD HALL, | No. 11-56135 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02858-VAP-AGR |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted August 7, 2014[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

California state prisoner Rodney Hall appeals from the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition (Petition) as untimely.

The district court concluded that Hall failed to meet his burden to demonstrate that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his medical conditions justify equitable tolling to excuse the late filing of the Petition. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The district court correctly concluded that Hall did not meet his burden to demonstrate that his medical conditions justify equitable tolling. Although Hall's medical conditions rendered him incapacitated for some portions of the relevant time period, Hall did not show that his conditions caused the untimeliness and made it impossible to file the Petition on time. *See Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Although the record shows that Hall periodically experienced severe pain that incapacitated him and disrupted his daily activities, the record does not show that Hall continuously experienced such severe pain. Moreover, there are several months during the relevant period of time for which there is no evidence in the record of medical issues, much less medical issues that made it impossible to file the Petition on time. The record reflects that there was adequate time for Hall to timely file the Petition, despite his incapacitation for 155 days during the relevant period.

2

Accordingly, the district court did not err in concluding that Hall was not entitled to equitable tolling because he did not meet his burden to show that his medical conditions were the cause of the untimely filing. *See Porter*, 620 F.3d at 959; *Spitsyn*, 345 F.3d at 799.[1]

**AFFIRMED.**

---

[1] Hall requests that the panel take judicial notice of additional medical records covering the period from July to November 2006, and early December 2006 to April 2007. We deny the request for judicial notice as moot, in light of the district court's August 5, 2014 order granting Hall's request for a statement of position, and its review of those medical records.