**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEOFILO ASCENCIO GARCIA, | No. 13-16665 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01060-KJM |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Teofilo Ascencio Garcia appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as

untimely.  We have jurisdiction under 28 U.S.C. § 2253.  We review de novo a

district court's dismissal of a petition for writ of habeas corpus as time-barred.  *See*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We review for clear error disputed findings of fact. *See id.* We affirm.

Garcia contends that he is entitled to equitable tolling because his attorney abandoned him following his direct appeal. He also challenges factual findings made by the district court in dismissing his petition. We conclude that the district court properly dismissed Garcia's petition as untimely. The district court's factual finding that Garcia did not retain an attorney to litigate beyond his direct appeal is not clearly erroneous. Moreover, Garcia has not shown that he exercised reasonable diligence in pursuing his rights or that an extraordinary circumstance prevented timely filing of his petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (discussing factors courts consider when petitioner contends that attorney misconduct caused the untimeliness).

We construe Garcia's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**