**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY BERNARD SMITH, Jr.,

Petitioner-Appellant,

v.

RON DAVIS,

Respondent-Appellee.

No. 17-15874

D.C. No. 2:15-cv-01785-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Anthony Smith appeals the district court's order dismissing his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review the district court's order de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Smith filed his habeas petition on August 14, 2015, approximately twelve months after he received his appellate record from his attorney and fourteen months after his state conviction became final. The magistrate judge issued findings and a recommendation that Smith's petition be dismissed. The district court dismissed Smith's petition as untimely.

Smith argues that he was entitled to equitable tolling for the two months during which his appellate attorney improperly retained his records. A habeas petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Courts may . . . consider a petitioner's diligence, after an extraordinary circumstance has been lifted, as one factor in a broader diligence assessment" to "ensure that the extraordinary circumstance faced by petitioners . . . cause[d] [] the tardiness of their federal habeas petitions." *Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014) (citations and quotations omitted). We are willing to assume that the failure of Smith's counsel to provide his records was an extraordinary circumstance. But when Smith received his records, he had ten months left in which to file his federal petition. Smith did not explain why the two-month deprivation of his records caused his untimely filing. A review of his petition reveals

that it is essentially a verbatim copy of his previous state filings. Under these circumstances, the district court was correct to conclude that Smith had not established (1) that the deprivation of his appellate record caused his untimely filing or (2) that he diligently used the ten months of the limitations period that remained after receiving his records.

**AFFIRMED.**