NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHIEL GLEN OAKES,

Petitioner-Appellant,

v.

DONALD R. HOLBROOK,

Respondent-Appellee.

No. 22-35383

D.C. No. 2:20-cv-00996-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 15, 2023
Seattle, Washington

Before: W. FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,[**]
District Judge.

Washington state prisoner Michiel Oakes is serving a 320-month sentence for

first-degree murder. Oakes's original attorney, Barbara Corey, mailed Oakes's state

personal restraint petition (PRP) the day it was due, January 17, 2017. The court

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District
of Arizona, sitting by designation.

received it on January 18, 2017, and rejected it as untimely, because under Washington's applicable procedural rules a petition "is timely filed only if it is *received* by the appellate court within the time permitted for filing." Wash. R. App. P. 18.6(c) (emphasis added). The Commissioner of the Washington Supreme Court denied review, and the Washington Court of Appeals issued a mandate on May 10, 2019. Oakes's current counsel, Jason Saunders, filed a second PRP with the Washington Supreme Court on June 4, 2020. Saunders subsequently filed Oakes's federal habeas petition on June 26, 2020.

The federal district court dismissed Oakes's habeas petition because Oakes had filed it after the federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations had expired, and Oakes had not shown a legitimate basis for equitable tolling. On appeal, Oakes argues he is entitled to equitable tolling because although he was diligent, extraordinary circumstances prevented timely filing.

The AEDPA one-year limitations period for federal petitions tolls when a "properly filed" state petition for postconviction review is pending. 28 U.S.C. § 2244(d)(2). A postconviction petition is not "properly filed" if it is ultimately determined by the state court to have been untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Here, the Washington state courts repeatedly concluded Oakes's PRP was not timely because it did not comply with the state filing rules. *See* Wash.

R. App. P. 18.6(c). Because the PRP was not "properly filed," it could not have paused the AEDPA period based on statutory tolling.

But Oakes argues he is entitled to equitable tolling. To be eligible for equitable tolling, the petitioner bears the burden of showing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (cleaned up).

Here, it is only necessary for the court to address the extraordinary circumstances prong of the test, because it is dispositive. Extraordinary circumstances require more than "mere negligence" on the part of a petitioner's counsel, *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011), and Corey's conduct did not exceed negligence. Corey had assured Oakes that she was aware of the filing deadline and was drafting the PRP, which she completed and ultimately filed—albeit one day late.

Oakes argues that Corey's failures constitute extraordinary circumstances excusing his late filing. Courts have pointed to attorney abandonment as an example of attorney conduct "sufficiently egregious to constitute extraordinary circumstances." *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014); *see Maples v. Thomas*, 565 U.S. 266, 271 (2012); *see also Spitsyn v. Moore*, 345 F.3d 796, 801

(9th Cir. 2003).  Corey's representation, while obviously far from the ideal, was not the type of egregious attorney misconduct that could reasonably be compared to abandonment.  To the contrary, Corey remained in sporadic contact, she filed a petition on Oakes's behalf, and she tried diligently to remedy her late filing.  She continued to pursue Oakes's petition before the court of appeals and the state supreme court.  Attorney negligence is not comparable to abandonment, notwithstanding the fact that sometimes mere negligence may have severe consequences for the client.  *See Maples*, 565 U.S. at 282 ("[A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit.").

Corey's failures did not rise to the level of extraordinary circumstances, and therefore Oakes is ineligible for equitable tolling.

**AFFIRMED.**