NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD STEPHEN DRAPER,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>KCG AMERICAS LLC; et al.,<br><br>            Defendants-Appellees. | No.   19-15014<br><br>D.C. No. 4:18-cv-02524-HSG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Ronald Stephen Draper appeals pro se from the district court's order dismissing his action alleging claims under the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* ("CEA") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal under Fed. R. Civ. P. 12(b)(6)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal based on the statute of limitations). We affirm.

The district court properly dismissed Draper's action as untimely because Draper filed this action more than two years after he knew of his alleged injury. *See* 7 U.S.C. § 25(c) (setting forth two year statute of limitations for CEA claims); *Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("Federal courts . . . generally apply a discovery accrual rule when a statute is silent on the issue."). Furthermore, Draper failed to establish that his previous action or advice from his attorneys were grounds for equitable tolling. *See In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (describing the elements of equitable tolling); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (ordinary attorney negligence will not justify equitable tolling).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Draper's request to file a supplemental opening brief (Docket Entry No. 51) is granted. The supplemental brief has been filed at Docket Entry No. 51. Draper's requests in his opening brief to consolidate and stay the proceedings are denied.

**AFFIRMED.**