MEMORANDUM **
Plaintiff Aaron Hahn appeals from the district court’s dismissal of his 42 U.S.C. § 1983 claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. As the parties are familiar ■with the facts, we do not recount them here.
The district court erred when it dismissed Hahn’s § 1983 claim as untimely as a matter of law. Although the complaint was filed over three years after Hahn’s alleged injury, see Wash. Rev. Code § 4.16.080(2) (2015), Washington law mandates equitable tolling when, as here, “justice requires.” See Millay v. Cam, 135 Wash.2d 193, 955 P.2d 791, 797 (1998) (en banc); see also In re Pers. Restraint of Carter, 172 Wash.2d 917, 263 P.3d 1241, 1248-49 (2011) (en banc) (adopting the actual innocence doctrine). Hahn’s complaint was untimely through no fault of his own. Hahn timely and appropriately filed in the Eastern District of Washington; after the Eastern District dismissed Hahn’s claims against residents of the district, that court erred by dismissing instead of transferring venue to the Western District of Washington, where the sole remaining defendants resided. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); see also Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 430 n.7, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). By the time Hahn received notice of the dismissal, the statute of limitations had expired.
Under the particular circumstances of this case, equitable tolling is consistent with the policies underlying § 1983, and it is not inconsistent with those served by Washington’s statute of limitations. See Millay, 955 P.2d at 797 (“In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations.”). Strict adherence to the statute of limitations in the face of procedural unfairness cannot be reconciled with § 1983, which exists to promote “compensation of persons whose civil rights have been violated, and prevention of the abuse of state power.” Burnett v. Grattan, 468 U.S. 42, 53, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); see also Bd. of Regents of Univ. of N.Y. v. Tomanio, 446 U.S. 478, 488, 100 S.Ct. 1790, 64 L,Ed.2d 440 (1980). Moreover, the purposes underlying the statute of limitations—finality and protection against stale and unverifiable claims—will not be frustrated by allowing equitable tolling here. See Kittinger v. Boeing Co., 21 Wash.App. 484, 585 P.2d 812, 814 (1978). The defendants were aware of Hahn’s claim within the statutory time frame, when Hahn first filed in the Eastern District of Washington. Under Washington law, justice requires tolling, but the remedy is modest— Hahn will simply be placed in the position he would have been in had the Eastern District appropriately transferred his claim.
Thus, Hahn is entitled to equitable tolling under Washington law only if he was diligent' in pursuing this action in the Western District of Washington after dismissal. See, e.g., Millay, 955 P.2d at 797-98; Douchette v. Bethel Sch. Dist. No. 403, 117 Wash.2d 805, 818 P.2d 1362, 1365 *496 (1991) (en banc). A dispute of fact remains as to Hahn’s diligence, which cannot be resolved on appeal. See Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). The issue of Hahn’s diligence, along with Defendants’ other arguments in favor of dismissal, can appropriately be resolved by the district court on remand.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.