**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
AUGUST 18, 2022

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
AUGUST 18, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON IN<br><br>MICKEY FOWLER, LEISA MAURER, and a class of similarly situated individuals,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>TRACY GUERIN, Director of the Washington State Department of Retirement Systems,<br><br>　　　　　　　Defendant. | No. 100069-3<br>(certified C15-5367 BHS)<br><br><br>EN BANC<br><br><br><br>Filed: <u>August 18, 2022</u> |

STEPHENS, J.—This certified question asks us to clarify the standards for equitable tolling in civil cases under Washington law. The underlying federal case involves a long-running dispute between a certified class of more than 25,000 Washington teachers (Teachers) and the Department of Retirement Systems (DRS). The federal district court determined that while the Teachers have established a Fifth Amendment takings claim, the applicable statute of limitations on that claim lapsed several years before the Teachers filed this suit. The Teachers have asked the federal

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

district court to apply the doctrine of equitable tolling to allow the suit to proceed despite the statute of limitations. Finding Washington law unclear, the federal district court seeks clarification from this court as to the minimum predicates a plaintiff in a civil action must establish to justify equitable tolling of the applicable statute of limitations.

We answer the certified question by reiterating the four conditions this court has previously identified as necessary to justify equitable tolling of a statute of limitations in the civil context. Washington law allows equitable tolling of a statute of limitations in a civil suit when (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception has interfered with the plaintiff's diligent efforts, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations. *See Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998) (citing *Finkelstein v. Sec. Props., Inc.*, 76 Wn. App. 733, 739-40, 888 P.2d 161 (1995); *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991)).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Teachers—a class comprising more than 25,000 public school teachers—participate in Washington's Teachers' Retirement System (TRS), a public retirement system managed by DRS. The Teachers originally enrolled in TRS Plan 2 accounts, into which they contributed funds from each paycheck. Their "contributions

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

to Plan 2 accrued interest at a rate specified by DRS—5.5%, compounded quarterly"—and "DRS used the quarter's ending balance to calculate [that] interest." Fed. Dist. Ct. Doc. (Doc.) 85, at 2 (citing Doc. 18-1, at 16, 17, 18, 20, 21, 22). "Plaintiffs transferred between TRS Plan 2 and TRS Plan 3 in the late 1990s and contend that they should have been allocated more interest upon transfer, should have gotten a higher 'Transfer Payment' based on the additional interest, and have been deprived of earnings on the lost funds ever since." Doc. 153, at 2.

The Teachers first pursued their claims alongside other state employees in a class action filed in state superior court in 2005. *See Probst v. Dep't of Ret. Sys.*, 167 Wn. App. 180, 183-84, 271 P.3d 966 (2012). In 2008, the superior court approved a partial settlement for a subgroup of class members "who had transferred from Plan 2 to Plan 3 of their respective retirement systems after January 20, 2002." *Id*. at 184. But the Teachers had transferred before that date, so Mickey Fowler and Leisa Maurer "became class plaintiffs in February 2009 when they filed an amended supplemental complaint as TRS members excluded from the settlement agreement." *Id.* The Teachers' suit continued in state court.

The Teachers "had some success in the early 2010s when the Washington State Court of Appeals held that DRS's rule [governing TRS interest calculations] was arbitrary and capricious." Doc. 153, at 2. On remand, the Teachers argued judgment

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

should be entered in their favor. *Probst v. Dep't of Ret. Sys.*, No. 45128-0-II (Wash. Ct. App. Dec. 30, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2% 2045128-0-II%20Unpublished%20Opinion.pdf. The superior court disagreed and remanded the case to DRS for new rule making, which culminated in a new rule "reaffirming [DRS's] prior interest calculation method" issued by Director Tracy Guerin (Director) in April 2018. Doc. 85, at 4 (citing WAC 415-02-150 (2018)).

In June 2015, while DRS was in the process of promulgating this new rule, the Teachers filed this separate lawsuit in federal court "asserting 42 U.S.C. § 1983 claims for violation of their Fifth Amendment rights" based on the same facts as their state claims. *Id.* (citing Doc. 1). The Director moved to dismiss the Teachers' federal lawsuit under several theories, and the federal district court granted the Director's motion for summary judgment on the grounds that the Teachers' takings claim was not ripe while DRS's rule making was ongoing. *Id.* (citing Docs. 14, 28). The Teachers appealed to the Ninth Circuit Court of Appeals, which reversed the grant of summary judgment. *Fowler v. Guerin*, 899 F.3d 1112, 1118 (9th Cir. 2018) ("DRS's withholding of the interest accrued on the Teachers' accounts constitutes a *per se* taking to which [a federal] prudential ripeness test does not apply. The district court erred in dismissing the Teachers' takings claim as prudentially unripe."). The Ninth Circuit also rejected the Director's remaining arguments for summary judgment. *Id.* at 1120 ("In sum, none

4

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

of the Director's alternative arguments justifies the district court's grant of summary

judgment in this case.").

On remand, the federal district court determined that the Teachers "have

established a pecuniary loss and a complete *per se* takings claim, as a matter of law."

Doc. 153, at 7. The Director moved to amend her answer to add a statute of limitations

defense, which the court granted. Doc. 85, at 14. The Teachers "advance[d] a number

of theories to defeat DRS's statute of limitations defense," and the court "conclude[d]

that none but equitable tolling are potentially viable." Doc. 153, at 8. However, the

federal district court "conclude[d] that equitable tolling in civil cases beyond the

traditional predicates is undefined and best addressed by the Washington Supreme

Court." *Id.* at 18. It therefore certified a question to this court.[1]

In its certification order, the federal district court summarized its understanding

of equitable tolling under Washington law:

> State and federal cases applying Washington law have regularly
> articulated that equitable tolling cannot apply to relieve a plaintiff from the

---

[1] The state statute of limitations applies to these federal claims due to "Congress' failure to provide a specific statute of limitations to govern § 1983 actions." *Owens v. Okure*, 488 U.S. 235, 239, 109 S. Ct. 573, 102 L. Ed.2d 594 (1989). Federal "courts considering § 1983 claims [therefore] borrow the general or residual statute for personal injury actions" in the state where the claims arise. *Id.* at 250-51; *see* 42 U.S.C. § 1988. In Washington, that statute of limitations is three years. RCW 4.16.080(2); *see Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (applying RCW 4.16.080(2) to a § 1983 claim arising in Washington). State law also determines when statutes of limitations in § 1983 actions should be equitably tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

> applicable limitations period unless (1) justice so requires, and (2) tolling the limitations period would be consistent with (a) the intent of the underlying substantive statute and (b) the intent of the limitations period. . . . These prerequisites look to be necessary, but not sufficient, conditions for equitable tolling.

Doc. 157, at 3 (citing *Hahn v. Waddington*, 694 F. App'x 494, 495 (9th Cir. 2017);

*Millay*, 135 Wn.2d at 206).

> Washington courts have regularly held that a plaintiff must also demonstrate their own diligence in filing *and* that the defendant has engaged in one of the "traditional predicates" for equitable tolling: that bad faith, deception, or false assurances interfered with the plaintiff's timely filing.

*Id.* at 3-4 (citing *Millay*, 135 Wn.2d at 206; *Nash v. Atkins*, No. 81841-4-I (Wash.

Ct. App. Nov. 16, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf

/818414.pdf (no equitable tolling when traditional predicates not shown); *Wolfe v.*

*Wash. State Dep't of Transp.*, No. 50894-0-II (Wash. Ct. App. May 7, 2019)

(unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050894-0-II%20

Unpublished%20Opinion.pdf (not necessary to assess plaintiff's diligence when

plaintiff failed to establish traditional predicates)).

> In contrast, federal courts appeared to have applied the third set of conditions in the disjunctive, concluding that equitable tolling may be appropriate where the plaintiff shows diligence but cannot demonstrate a defendant's bad faith, deception, or false assurances. These cases instead hold that a plaintiff seeking to equitably toll the limitations period must show only that (1) justice so requires, (2) doing so is consistent with the intent of the underlying substantive statute and limitations period, and (3) the plaintiff has been diligent.

6

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

*Id.* at 4 (collecting federal cases).

Finally, the federal district court addressed this court's recent decision in *In re*

*Pers. Restraint of Fowler*, 197 Wn.2d 46, 479 P.3d 1164 (2021), adopting the federal

habeas standard for equitable tolling in the context of personal restraint petitions. The

federal district court opined that the analysis in *Fowler* appears to be consistent with the

federal cases that treat the traditional predicates of equitable tolling as unnecessary, and

therefore differs in part from prior Washington precedent.

Unsure which standard now applies to equitable tolling in the civil context, the

federal district court proposed certifying a clarifying question to this court. The parties

agreed that certification was appropriate and proposed their own versions of the

certified question. The federal district court considered those alternatives and

ultimately certified this question:

> Under Washington law, what are the necessary and sufficient conditions—the
> minimum predicates—a plaintiff in a civil action (other than a personal restraint
> or habeas corpus petition) must establish to equitably toll the limitations period
> otherwise applicable to their claim?

Doc. 157, at 6.[2]

---

[2] After the question was certified to this court, the Teachers filed a motion to supplement
our record with additional materials. Because of the limited nature of this court's
consideration of a certified question, Department One of this court denied the Teachers'

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

## ANALYSIS

A federal court may certify a question to this court when, in the federal court's opinion, "it is necessary to ascertain the local law of this state in order to dispose of [a] proceeding [pending before it] and the local law has not been clearly determined." RCW 2.60.020. "'We treat certified questions as questions of law that we review de novo.'" *Kellogg v. Nat'l R.R. Passenger Corp.*, 199 Wn.2d 205, 215, 504 P.3d 796 (2022) (internal quotation marks omitted) (quoting *Allen v. Dameron*, 187 Wn.2d 692, 701, 389 P.3d 487 (2017)).

Equitable tolling and other "equitable doctrines grew naturally out of the humane desire to relieve [parties] under special circumstances from the harshness of strict legal rules." *Ames v. Dep't of Lab. & Indus.*, 176 Wash. 509, 513, 30 P.2d 239 (1934). It is an extraordinary form of relief because the rules at issue generally reflect the public policy of the state as enacted by the legislature. Accordingly, equitable tolling is appropriate only when it is consistent with the purposes underlying the governing

---

motion.

Following oral argument in this case in May 2022, the Teachers filed an additional authority pursuant to RAP 10.8, advising that DRS has promulgated a new rule providing that employee contributions to Washington State retirement plans will accrue daily interest. This new rule, effective June 8, 2022, repeals and replaces DRS's 2018 rule, which in turn repealed and replaced the original rule that was struck down as arbitrary and capricious in state court.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

statutory rules and when justice demands a departure from those rules. *See Millay*, 135

Wn.2d at 206.

Relevant here, statutes of limitation reflect the importance of finality and settled

expectations in our civil justice system. *Douchette*, 117 Wn.2d at 812-13. "A statutory

time bar is a 'legislative declaration of public policy which the courts can do no less

than respect,' with rare equitable exceptions." *Bilanko v. Barclay Ct. Owners Ass'n*,

185 Wn.2d 443, 451-52, 375 P.3d 591 (2016) (internal quotation marks omitted)

(quoting *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 651, 310 P.3d

804 (2013), and citing *Millay*, 135 Wn.2d at 206 (discussing predicates for equitable

tolling of statutory time limits)). Statutes of limitations protect defendants—and

courts—from the burdens of litigating stale claims by requiring prospective plaintiffs

to assert their claims before relevant evidence is lost. *Douchette*, 117 Wn.2d at 813

(citing *Hosogai v. Kadota*, 145 Ariz. 227, 232, 700 P.2d 1327 (1985)).

Recognizing the policy underlying statutes of limitation, this court has cautioned

against broadly applying equitable tolling in a manner that "would substitute for a

positive rule established by the legislature a variable rule of decision based upon

individual ideas of justice." *Leschner v. Dep't of Lab. & Indus.*, 27 Wn.2d 911, 926,

185 P.2d 113 (1947). Such a departure from the general rules governing our legal

system must be rare in order for those general rules to have their intended effect.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

Therefore, we have consistently held that "[e]quitable tolling is a remedy[ to be] used sparingly." *In re Fowler*, 197 Wn.2d at 53.

In the civil litigation context, this court identified four conditions that must be present for a court to grant equitable relief by tolling the applicable statute of limitations:

> [Washington law] allows equitable tolling [1] when justice requires. The predicates for equitable tolling are [2] bad faith, deception, or false assurances by the defendant and [3] the exercise of diligence by the plaintiff. In Washington equitable tolling is appropriate [4] when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations.

*Millay*, 135 Wn.2d at 206 (citations omitted) (citing *Finkelstein*, 76 Wn. App. at 739-40; *Douchette*, 117 Wn.2d at 812).[3]

The Teachers and the Director agree that equitable tolling in civil cases may be justified when such relief is consistent with the purposes of the statute providing the cause of action and the purposes of the statute of limitations. *Compare* Opening Br. of Pls. on Certified Question at 40, *with* Def.'s Answering Br. at 18. They also seem to

---

[3] Federal courts have often employed a less stringent standard for equitable tolling of statutes of limitations than Washington courts. *Compare Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965) (the policy underlying statutes of limitations "is frequently outweighed . . . where the interests of justice require vindication of the plaintiff's rights"), *with Bilanko*, 185 Wn.2d at 451-52 (statutes of limitations are subject to "rare equitable exceptions"). We recently looked to the broader federal standard "to supplement our own" standard in the particular context of personal restraint petitions. *In re Fowler*, 197 Wn.2d at 54.

10

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

agree that equitable tolling is allowed only when justice requires. *Compare* Pls.' Reply Br. at 19, *with* Def.'s Answering Br. at 3, 49. But the parties disagree on whether a court must consider both the plaintiff's diligence and the defendant's bad faith, false assurances, or deception in deciding whether equitable tolling of the statute of limitations is appropriate in a civil case.

The Director maintains that both predicates are necessary to justify equitable tolling in the civil context. The Director relies primarily on *Millay*, arguing that "[f]or over twenty years, Washington courts have consistently applied the rule articulated in *Millay*, retaining the Court's requirements of diligence by the plaintiff and bad faith, false assurances, or deception by the defendant." Def.'s Answering Br. at 19-21 (gathering Washington cases). The Director explains that "state courts have had no problem discerning and applying the rule in *Millay*," even while "federal courts applying Washington law have sometimes seemed confused." *Id.* at 1, 27.

The Director is correct that Washington courts have consistently understood *Millay* to articulate the Washington law standard for equitable tolling in civil cases. *See, e.g.*, *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008) (plurality opinion) ("We have adopted a framework to determine when equitable tolling should apply in the civil context . . . . In *Millay*, a civil case, we established that equitable tolling is allowed when justice requires and when the predicates for equitable tolling

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

are met. The predicates we identified there were bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff."). The Director argues that a departure from the traditional predicates for equitable tolling in civil cases identified in *Millay* "would unsettle long-held principles promoting finality and preventing stale claims, and would contradict this Court's admonition that the doctrine of equitable tolling should be used 'sparingly.'" Def.'s Answering Br. at 2-3 (quoting *In re Fowler*, 197 Wn.2d at 53). We agree.

This court has followed the standard set out in *Millay* because it appropriately balances the demands of justice against the important principles underlying statutory limitation periods. By requiring that equitable tolling be consistent with the purpose of the underlying statute and statute of limitations, the *Millay* standard ensures that equitable relief does not contradict the public policy announced by a coordinate branch of government. By requiring the plaintiff to pursue their claims diligently, the *Millay* standard protects settled expectations and guards against unfair surprise and the loss of important evidence. And by allowing equitable tolling upon a showing that the defendant engaged in bad faith, false assurances, or deception, the *Millay* standard properly recognizes that a defendant should lose the benefits of finality provided by statutes of limitation only when that defendant has engaged in conduct that justifies making an exception.

12

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

For their part, the Teachers argue that *Millay* should not be read as announcing the Washington standard for equitable tolling in civil matters—even though Washington courts have read *Millay* that way for over 20 years. The Teachers maintain that this court actually adopted the general common law that federal courts apply to questions of equitable tolling in the civil context in *Douchette*. They describe this federal common law of equitable tolling "as part of traditional equity jurisprudence and [as having] a flexible, case-by-case approach that addresses the specific circumstances of each case, rather than imposing rigid, inflexible rules." Opening Br. of Pls. at 21 (citing *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc)). Because "nothing in *Millay* shows an intent to explicitly or implicitly overrule *Douchette* or the common law concerning equitable tolling," the Teachers argue, this general common law continues to control Washington law on equitable tolling in the civil context. Pls.' Reply Br. at 15.

The Teachers' reliance on *Douchette* is misplaced. There, we considered whether the statutes of limitations applicable to state and federal claims for age discrimination should be equitably tolled. *Douchette*, 117 Wn.2d at 808-09. Although we noted that "federal cases provide helpful analysis" in determining whether the statute of limitations should be tolled, we clarified that the case "d[id] not involve filing requirements under the [Age Discrimination in Employment Act of 1967, 29 U.S.C §

13

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

621 (1976),]" and therefore was not controlled by those federal cases. *Id.* at 811. We did not identify—nor did we adopt—any federal or general common law rules governing equitable tolling.

The Teachers further misapprehend our decision in *Douchette* by arguing that it stands for two distinct lines of authority regarding equitable tolling in civil actions. The Teachers claim that "one line of cases" applies "where the plaintiff has not been diligent" and permits equitable tolling so long as "there was a substantial cause for the delay [in filing a claim] attributable to someone else, such as bad faith, deception, or false assurances by another party." Opening Br. of Pls. at 40 (citing *Douchette*, 117 Wn.2d at 812). Yet the Teachers identify no Washington authority supporting the equitable tolling of a statute of limitations without some evidence that the plaintiff was diligent in the pursuit of their claim. *Contra Douchette*, 117 Wn.2d at 812 (denying relief in part because the plaintiff "failed to act diligently in pursuing her legal remedy").

Under "a second line of cases, where the plaintiff was diligent," the Teachers argue that "'[e]quitable tolling is appropriate . . . when it would effectuate 1) the policies under the statute, and 2) the purpose underlying the statute of limitations.'" Opening Br. of Pls. at 40 (first alteration in original) (quoting *Douchette*, 117 Wn.2d at 812). But again, *Douchette* does not support the Teachers' claims. There, we explained that the plaintiff was not entitled to equitable tolling because she "failed to act diligently in

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

pursuing her legal remedy" *and* because she "failed to show bad faith, deception or false assurances on the part of the [defendant]." *Douchette*, 117 Wn.2d at 812. We clarified that proof of both predicates is necessary to justify equitable relief: "In the absence of bad faith on the part of the defendant *and* reasonable diligence on the part of the plaintiff, equity cannot be invoked." *Id.* (emphasis added). Far from supporting the Teachers' view that our precedent reflects multiple lines of authority within a general common law of equitable tolling, *Douchette* aligns with the equitable tolling standards we set out a few years later in *Millay*. *Compare id.* at 812-13, *with Millay*, 135 Wn.2d at 206.

The single instance in which this court has looked to the relaxed federal equitable tolling standard has come in the personal restraint petition context. *See In re Fowler*, 197 Wn.2d at 53. There, we expressly distinguished this federal standard from the traditional Washington standard for equitable tolling. *Id.* ("We have previously held that equitable tolling in collateral restraint actions is warranted when a petitioner shows they have diligently pursued their rights and the petition was untimely because of bad faith, deception, or false assurances." (citing *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 447-48, 309 P.3d 459 (2013))), 54 ("We adopt this federal standard *to supplement our own*." (emphasis added)). If this court had adopted the federal standard in *Douchette*, as the Teachers insist, it would not have been necessary for us to readopt

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

that standard as a supplement three decades later. Our adoption of the broader federal standard for personal restraint petitions in *In re Fowler* confirms that federal standard is distinct from Washington's traditional civil standard. *Id. Compare Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965) (the policy underlying statutes of limitations "is frequently outweighed . . . where the interests of justice require vindication of the plaintiff's rights"), *with Bilanko*, 185 Wn.2d at 451-52 (statutes of limitations are subject to "rare equitable exceptions").

Nothing in our opinion in *In re Fowler* suggests the adoption of a new civil standard. Our holding rests exclusively on state and federal cases involving personal restraint and habeas petitions. 197 Wn.2d at 53-54. Rather than focusing on the traditional elements of equitable tolling, we highlighted this court's "inherent authority to grant a timely filed motion to extend the time limit to file a habeas-style challenge to a conviction," including "the authority, under appropriate circumstances, to equitably toll the statutory time limit" for such challenges. *Id.* at 49-50. *In re Fowler* emphasizes "the importance of the writ" and the liberty interests that accompany it as justification for "equitable tolling in extraordinary circumstances." *Id.* at 49. This reasoning does not support the Teachers' argument that we intended to extend our adoption of the broader federal equitable tolling standard beyond the personal restraint and habeas

16

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

context. More importantly, doing so would undermine the important principles that

*Millay*, *Douchette*, and other civil cases identify in the civil context.

The certified question here effectively asks whether our decision in *In re Fowler* modifies the four-part *Millay* standard for equitably tolling a statute of limitations in a civil action. Our answer is that it does not. The four-part standard set forth in *Millay* remains the standard for equitable tolling of statutes of limitations in civil actions under Washington law. Washington courts must evaluate each part of this standard in light of the particular facts of each case and should equitably toll the applicable statute of limitations only when all four parts of the *Millay* standard are satisfied.[4]

CONCLUSION

We reaffirm that *Millay* sets out the necessary and sufficient conditions for equitable tolling of statutes of limitations in the civil context under Washington law. A plaintiff seeking equitable tolling of the statute of limitations in a civil suit must demonstrate that such extraordinary relief is warranted because (1) the plaintiff has

---

[4] We confine our analysis to answering the certified question and decline to address the Teachers' arguments about whether they are entitled to equitable tolling or other equitable relief. See *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 577, 964 P.2d 1173 (1998) ("[W]hen a federal court certifies a question to this court, this court answers only the discrete question that is certified and lacks jurisdiction to go beyond the question presented." (citing *La.-Pac. Corp. v. Asarco Inc.*, 131 Wn.2d 587, 604, 934 P.2d 685 (1997))).

17

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.

This standard appropriately balances the plaintiff's interest in seeking justice against the individual and societal interest in finality and the protection of defendants against unfair surprise and stale claims. We reiterate that equitable tolling of statutes of limitations in civil cases is appropriate only where these principles align. Any lesser standard "would substitute for a positive rule established by the legislature a variable rule of decision based upon individual ideas of justice." *Leschner*, 27 Wn.2d at 926.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Stephens, J.)

_____
Stephens, J.

WE CONCUR:

_____
González, C.J.

_____

_____
Johnson, J.

_____
Whitener, J.

_____
Owens, J.

_____
Siddoway, J.P.T.

_____
Gordon McCloud, J.

19

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Fowler v. Guerin*, No. 100069-3
(Yu, J., concurring)

No. 100069-3

YU, J. (concurring) — I agree with the majority that outside the context of

habeas corpus and personal restraint petitions, a plaintiff seeking equitable tolling

of the statute of limitations in a civil case must establish that

> (1) the plaintiff has exercised diligence, (2) the defendant's bad faith,
> false assurances, or deception interfered with the plaintiff's timely
> filing, (3) tolling is consistent with (a) the purpose of the underlying
> statute and (b) the purpose of the statute of limitations, and (4) justice
> requires tolling the statute of limitations.

Majority at 17. I write separately to note that although Washington's equitable

tolling doctrine is not quite as broad as the federal doctrine, courts applying

Washington law must nevertheless engage in a flexible, fact-specific inquiry to

determine whether equitable tolling is justified. In doing so, I express no opinion

on whether equitable tolling is appropriate in this case. I intend only to emphasize

that each element must be assessed in light of the particular facts presented as the

interests of justice require.

1

*Fowler v. Guerin*, No. 100069-3
(Yu, J., concurring)

Notably, the plaintiff's diligence cannot be assessed independently of the defendant's bad faith, false assurances, or deception, and the defendant's actions need not rise to the level of unlawful or unethical conduct to justify equitable tolling. This is so because, properly understood, equitable tolling is not a sanction imposed on the defendant. Instead, equitable tolling gives effect to the intent of the legislature, which "'has always been well advised of the uses and purposes of equity,'" and therefore "'must have had in mind that equity would relieve [plaintiffs] in all proper cases from the hardships which otherwise would occur in enforcing the strict letter of the statute.'" *Rodriguez v. Dep't of Lab. & Indus.*, 85 Wn.2d 949, 953, 540 P.2d 1359 (1975) (quoting *Ames v. Dep't of Lab. & Indus.*, 176 Wash. 509, 513-14, 30 P.2d 239 (1934)). Thus, courts must make a fact-specific determination in each case where equitable tolling is sought, based on what the defendant knew or should have known, and how the defendant's conduct affected the plaintiff's ability to timely file their claim.

For instance, this court has equitably tolled the time to appeal from an order by the Department of Labor and Industries closing an industrial insurance claim where the "appellant did not know what was in the order because he was unable to read it." *Id.* at 951. In that case, "the department knew or should have known of appellant's illiteracy at the time it closed his claim," but it sent the appellant a written closing order while his interpreter "was ill and unavailable to him for

2

*Fowler v. Guerin*, No. 100069-3
(Yu, J., concurring)

purposes of reading and explaining" it. *Id.* at 955, 953. The department was not responsible for either the interpreter's illness or the appellant's inability to read, and our opinion did not suggest that the department intentionally timed its closing order to ensure the appellant would be unable to respond. Nevertheless, we held that "broad principles of equity" justified tolling the statutory time limit "to relieve appellant from the hardships which otherwise would result from the enforcement of the strict letter of the notice provisions of [former] RCW 51.52.060 [(1963)]." *Id.* at 954.

This flexible approach is necessary to preserve the underlying purpose of equitable tolling, which the majority correctly notes is not to punish misconduct but "'to relieve [parties] under special circumstances from the harshness of strict legal rules.'" Majority at 8 (alteration in original) (quoting *Ames*, 176 Wash. at 513). As a result, our opinion today should not be interpreted to restrict the circumstances under which equitable tolling may be applied, but instead to reaffirm the fact-specific approach set forth in our precedent.

With the above observations, I respectfully concur in the majority's answer to the certified question.

_____
Yu, J.

3